IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01965-BNB

CHARLES PERROTTI,

    Plaintiff,

v.

DAVID WEAVER, Douglas County Sheriff, Individually in his Official Capacity as: an
    Employee and or Agent,
MCQUEEN, Douglas County Deputy Sheriff, Individually in his Official Capacity as: an
    Employee and or Agent,
SANTELLI, Douglas County Lt. Sheriff, Individually in his Official Capacity as: an
employee and or Agent,
OTHER EMPLOYEES OF THE DOUGLAS COUNTY SHERIFF'S OFFICE 1-99,
    Individually and Their Official Capacity and/or Agents Presently Unknown,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 2 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Charles Perrotti, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Perrotti initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on August 12, 2010. He filed a Complaint on August 18, 2010 asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Mr. Perrotti has been granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

    The Court will construe the Complaint liberally because Mr. Perrotti is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Perrotti will be directed to file an Amended Complaint.

The acts giving rise to the Complaint occurred while Mr. Perrotti was a pre-trial detainee at the Douglas County Jail. Plaintiff alleges that he was harassed verbally and physically by another inmate, Mr. Hernandez, on several occasions because of Plaintiff's sexual orientation and that Hernandez has a history of violent behavior toward other inmates at the jail. Mr. Perrotti further states that over his objection, he was housed in the same pod with Hernandez who ultimately beat him up in the presence of Defendant McQueen, after Plaintiff told McQueen that he was afraid of Hernandez and asked to be separated from him. Mr. Perrotti asserts claims against the individual Defendants under 42 U.S.C. § 1983 for failure to protect him from harm, in violation of his Constitutional right to a safe prison environment; and against Douglas County for negligent supervision. Plaintiff also asserts several common law claims. He sues the Defendants in their individual and official capacities for compensatory and punitive damages.

However, the Complaint is deficient because Mr. Perrotti fails to allege specific facts to show that Defendants Lt. Santelli and Sheriff Weaver personally participated in a violation of his constitutional rights. In order to state a claim in federal court, Mr. Perrotti "must explain what each defendant did to him or her; when the defendant did it;

how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Perrotti is advised that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff must therefore show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendants Weaver and Santelli may not be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Mr. Perrotti's claims against the individual Defendants in their official capacities are construed as claims against Douglas County. *See Hafer v. Melo*, 502 U.S. 21, 26-

27 (1991). Counties are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 388-91 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Mr. Perrotti cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Perrotti is advised that, although he must allege specific facts regarding each Defendant's personal participation, he still must present his claims clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. In order to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Finally, Mr. Perrotti purports to list "Other Employees of the Douglas County Sheriff's Office" as Defendants in the caption of the Complaint. Plaintiff may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names

he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.  Accordingly, it is

ORDERED that Plaintiff, Charles Perrotti, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff's "Motion Clarifying Respondents and their Capacity in the Civil Action" [Doc. No. 5] is DENIED as moot.  The Court has construed the Complaint as asserting claims against the individual Defendants in both their individual and official capacities.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Perrotti, together with a copy of this order, two copies of the following form to be used in submitting the Amended Complaint: Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Perrotti fails to file an Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss Plaintiff's claims against Defendants Weaver, Santelli and Douglas County for the reasons discussed in this Order.

DATED November 2, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01965-BNB

Charles Perrotti
Prisoner No. 149921
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/2/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk