IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 7 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01965-BNB

CHARLES PERROTTI,

      Plaintiff,

v.

D. MCQUEEN, Douglas County Deputy Sheriff, Individually in his Official Capacity,
J. MCCORD, Douglas County Supervisor, Sheriff's Office, Individually in his Official
Capacity, and
CINDY BERG, Supervisor-Classification, Douglas County Sheriff's Office, Individually
in her Official Capacity,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

      Plaintiff, Charles Perrotti, is a prisoner in the custody of the Colorado Department
of Corrections and is currently incarcerated at the Kit Carson Correctional Center in
Burlington, Colorado. Mr. Perrotti initiated this action by filing *pro se* a Motion and
Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on August 12, 2010. He
filed a Complaint on August 18, 2010 asserting a cause of action under 42 U.S.C. §
1983 for alleged violations of his constitutional rights. Mr. Perrotti has been granted
leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

      In a November 2 Order, the Court directed Mr. Perrotti to file an Amended
Complaint that complied with certain directives set forth in that Order. Plaintiff filed an
Amended Complaint on November 12, 2010.

      The Court will construe the Complaint liberally because Mr. Perrotti is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Amended Complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Perrotti will be directed to file a second amended complaint.

The Amended Complaint purports to dismiss the unnamed Defendants from the case caption.  However, in the text of the Amended Complaint, Plaintiff makes allegations against "John Doe" Douglas County officers.  It is not clear whether Mr. Perrotti intends to sue the "John Doe" individuals, or if he merely refers to them for factual context.  If Plaintiff intends to sue them, he must name them as "John Doe" defendants in the caption of the second amended complaint.  However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

In the text of the Amended Complaint, Mr. Perrotti makes factual allegations against new Defendants and additional assertions in support of each claim for relief which he asks the Court to incorporate into his original Complaint. However, Plaintiff is reminded that an amended complaint supersedes the original complaint "and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, *Fed. Practice and Procedure* § 1476

(1990).  The Court does not construe the original Complaint and the Amended Complaint together.  Accordingly, Mr. Perrotti will be directed to file a second amended complaint that names all of the Defendants in the case caption and includes all factual allegations and assertions in support of each claim for relief in the text of the second amended complaint.

Mr. Perrotti is further reminded that in the second amended complaint, he must allege specific facts to show that each named Defendant and John Doe defendant personally participated in a violation of his constitutional rights.  In order to state a claim in federal court, Mr. Perrotti "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiff must therefore show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Defendants Berg and McCord may not be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional

3

violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Mr. Perrotti is further reminded that his claims against the individual Defendants in their official capacities are construed as claims against Douglas County. *See Hafer v. Melo*, 502 U.S. 21, 26-27 (1991). Counties are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 388-91 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Mr. Perrotti cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Perrotti is again advised that, although he must allege specific facts regarding each Defendant's personal participation, he still must present his claims clearly and concisely in a manageable format that allows the Court and Defendants to

4

know what claims are being asserted and to be able to respond to those claims.  In order to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Plaintiff, Charles Perrotti, file **within thirty (30) days from the date of this order,** a second amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Perrotti, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Perrotti fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED November 17, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 10-cv-01965-BNB

Charles Perrotti
Prisoner No. 149921
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/17/10

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk