FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 1 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01965-BNB

CHARLES PERROTTI,

     Plaintiff,

v.

D. MCQUEEN, Douglas County Deputy Sheriff, Individually in his Official Capacity,
J. MCCORD, Douglas County Supervisor, Sheriff's Office, Individually in his Official
Capacity, and
CINDY BERG, Supervisor-Classification, Douglas County Sheriff's Office, Individually
in her Official Capacity,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Charles Perrotti, is a prisoner in the custody of the Colorado Department

of Corrections who at the time of filing was incarcerated at the Kit Carson Correctional

Center in Burlington, Colorado.  Mr. Perrotti notified the Court on January 19, 2011, that

he is being transferred to the Indio-Riverside Jail in Indio, California.  Mr. Perrotti

initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915 on August 12, 2010.  He filed a Complaint on August 18, 2010,

asserting a cause of action under 42 U.S.C. § 1983 for alleged violations of his

constitutional rights.  Mr. Perrotti has been granted leave to proceed *in forma pauperis*

and has paid an initial partial filing fee.

In a November 2 Order, Magistrate Judge Boyd N. Boland directed Mr. Perrotti to

file an Amended Complaint, which he filed on November 12, 2010. The Amended

Complaint dismissed Defendants Douglas County Sheriff David Weaver and Defendant

Santelli, and added Defendant J. McCord (in place of Defendant Santelli) and

Defendant Cindy Berg. However, the Amended Complaint does not include all of the

factual allegations in support of the legal claims asserted in the original Complaint, but

instead adds new allegations that Plaintiff asks the Court to incorporate into his original

Complaint.

On November 17, 2010, Magistrate Judge Boland directed Mr. Perrotti to file,

within thirty days, a second amended complaint that included all named Defendants and

John Doe Defendants in the case caption, and all factual allegations and assertions in

support of each claim for relief in the text of the pleading. Plaintiff asked for and

received an extension of time up to January 17, 2011, to file his second amended

complaint. *See* November 22, 2010, Minute Order. However, Mr. Perrotti did not file a

second amended complaint in compliance with the Court's Order. Instead, Plaintiff has

filed a letter requesting appointment of counsel because he does not understand the

Court's directive. (Doc. No. 22).

The Court must construe Mr. Perrotti's pleadings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the pleadings reasonably can be

read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* The Court is not required to construe together Mr. Perrotti's Complaint and Amended Complaint. An amended complaint supersedes the original complaint "and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, *Fed. Practice and Procedure* § 1476 (1990). Notwithstanding, the Court has reviewed the original Complaint and finds that it states an arguable claim against Defendant McQueen under 42 U.S.C. § 1983. The Court further finds that the claim against Defendant McQueen survived the filing of the Amended Complaint on November 12, 2010. Although Plaintiff dismissed two of the original Defendants in filing the Amended Complaint, he clearly intended for his claims against Defendant McQueen to go forward and be included in the amended pleading.

The acts giving rise to Mr. Perrotti's lawsuit occurred during his pre-trial detention at the Douglas County jail. Construed liberally, Plaintiff asserts a violation of his Fourteenth Amendment due process rights based on the theory that Defendants failed to protect him from harm at the hands of other inmates. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (noting that pre-trial detainees are protected under the Due Process Clause rather than the Eighth Amendment; however, in determining whether the plaintiff's rights were violated, the court's analysis is the same as in Eighth

Amendment cases brought pursuant to § 1983) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)).  A prison official is liable under the Eighth Amendment for denying an inmate humane conditions of confinement if the official "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Mr. Perrotti alleges that in June 2009, an inmate he knows as "Hernandez" or "Tiger" began to bully and threaten him with physical harm because of Plaintiff's sexual orientation.  Compl. at 3.  After Hernandez slapped Plaintiff in the face, Hernandez was moved to another housing pod, and Defendant Berg made a notation in Hernandez' inmate profile that he should be housed separately from the Plaintiff.  *Id.* at 4; Amended Compl., at 4.  Mr. Perrotti alleges that in late August 2009, an unidentified sheriff's deputy advised Mr. Perrotti that he was being transferred to a new housing pod.  Compl. at 4.  Plaintiff protested, in the presence of Defendant McCord, that he was afraid of being housed in the same pod with "Tiger."  *Id.* at 5.  The sheriff's deputy told Plaintiff that there was no "Tiger" in the new pod.  *Id.*

Mr. Perrotti alleges that when he walked into the main room in his new housing pod, Hernandez was present and said to Plaintiff, "I'm going to f--- you up fag." *Id.* at 5. Plaintiff asserts that he was afraid for his life and went to the command center to report the threat to the on-duty officer, Defendant McQueen, who himself had made several offensive homophobic comments to Plaintiff in the past.  *Id.*  Plaintiff told McQueen that Hernandez had just threatened him physically, that Hernandez had attacked him in the

past, and that Plaintiff was terrified of him. *Id.* at 6. Defendant McQueen directed

Plaintiff to return to the pod. *Id.* When Plaintiff asked "what happens if he beats me

up?", Defendant McQueen responded, without looking up from his internet search,

"Nothing will happen." *Id.* Plaintiff returned to the open room and within seconds

Hernandez pushed his foot into Plaintiff's back, knocked him down, and jumped on top

of Plaintiff and began "pounding him in the head." *Id.* at 7. Mr. Perrotti alleges that he

was hit at least seven to ten times in the head before Defendant McQueen came out of

the command center to stop Hernandez. *Id.* Mr. Perrotti suffered bruises and continues

to suffer ongoing headaches and sinus problems from Hernandez's beating. *Id.* at 11.

Mr. Perrotti has failed to allege that Defendants J. McCord and Cindy Berg

personally participated in the alleged deprivation of his Fourteenth Amendment due

process rights. Plaintiff was previously warned by Magistrate Judge Boland that

personal participation is an essential allegation in a civil rights action. *See Bennett v.*

*Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Further, a defendant may not be held

liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475

U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A

supervisor is only liable for a constitutional violation that he or she has caused. *See*

*Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must

be an affirmative link between the alleged constitutional violation and each Defendant's

participation, control or direction, or failure to supervise. *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201

("[D]efendant-supervisors may be liable [for a constitutional violation] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . . – express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Mr. Perrotti alleges that Defendant McCord, a Douglas County Sheriff's Office supervisor, was present when Plaintiff told a sheriff's deputy that he was afraid to be housed in the same pod with "Tiger" but that his concerns were ignored and he was transferred anyway.  Compl. at 4-5; Amended Compl., at 3.  However, Plaintiff does not allege that he identified "Tiger" to Defendant McCord, nor state specific facts to show that Defendant McCord knew that Hernandez was in the pod where Plaintiff was being transferred and that Hernandez posed a significant risk to Plaintiff's safety.  Mr. Perrotti's general allegations that Hernandez was "well known" by jail employees "to be physically aggressive, dangerous to other inmates and with a history of violence" (Compl. at 4) are too vague to show that Defendant McCord knew that Plaintiff's change in housing assignment created a serious risk to his safety.  *See Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th 1992) (allegations that supervisor "should have known" of constitutional violation are insufficient; plaintiff must establish that the supervisor had actual knowledge to demonstrate a deliberate, intentional act by the supervisor to violate constitutional rights); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (to state a claim in federal court, a plaintiff "must explain what each defendant did to him or her; when the defendant did it;

6

how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Plaintiff complains that Defendant Cindy Berg, the Douglas County Sheriff's Office classification supervisor, failed to ensure that he was separated from Hernandez after Berg noted on *Hernandez's* "inmate profile" that the two inmates should be separated because of Hernandez's actions toward Perrotti in June 2009. Amended Compl. at 4. Mr. Perrotti filed a grievance with Defendant Berg on August 31, 2009, asking why he was transferred from "A-2-E-2-F-2" after he returned from Jefferson County on a "writ" on August 27, 2009, and complaining that Berg had failed to protect him from Hernandez. Amended Complaint, Exhibit E. However, these facts do not show that Defendant Berg made the decision to transfer Plaintiff to the pod where Hernandez was housed. Defendant Berg's status as a supervisor does not render her liable under § 1983. *Dodds,* 614 F.3d at 1199-1201.

Mr. Perrotti has not alleged facts to demonstrate that Defendants McCord and Berg were involved personally in the alleged violation of his Fourteenth Amendment due process rights. Accordingly, Defendants McCord and Berg are improper parties to the action and will be dismissed. The Court further finds that Plaintiff dismissed Defendants David A. Weaver and Santelli when he filed his Amended Complaint and did not include those Defendants in the case caption. The Court notes, however, that Plaintiff's claims against Defendants Weaver and Santelli are also subject to dismissal for Plaintiff's failure to allege their personal participation in the alleged violation of his constitutional

rights.

Mr. Perrotti's claims against the individual defendants in their official capacities are construed as claims against Douglas County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Plaintiff was warned in the November 2 Order that Douglas County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Mr. Perrotti cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *Monell*, 436 U.S. at 694.

Here, Mr. Perrotti attempts to hold Douglas County liable based on two interactions he had with inmate Hernandez–one in June 2009, followed by a more serious physical altercation in August 2009.  However, Mr. Perrotti does not allege any specific facts to demonstrate that the incidents were causally related to a custom or policy of Douglas County.  Accordingly, Plaintiff's claims against the Defendants in their official capacities, which are construed as claims against Douglas County, will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Perrotti's Fourteenth Amendment due process claim

against Defendant McQueen–for knowingly disregarding an excessive risk of harm to Plaintiff's safety–does not appear to be appropriate for summary dismissal. The case will therefore be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D.  Mr. Perrotti also asserts factually-related pendent state law claims of negligence against Defendant McQueen.  The Court will exercise jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).  All other Defendants will be dismissed.  Accordingly, it is

ORDERED that Defendants J. McCord and Cindy Berg are dismissed as parties to this action for Plaintiff's failure to allege their personal participation.  The Clerk of the Court is instructed to remove Defendant J. McCord and Cindy Berg as named parties to the suit.  The only remaining Defendant is Defendant McQueen. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _31st_ day of ___January___, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01965-BNB

Charles Perrotti
Prisoner No. 149921
Indio Riverside Jail
82-675 Hwy 111
Indio, CA 92201

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on___ 1/31/11 ___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk