IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01965-PAB-MJW

CHARLES PERROTTI,

Plaintiff,

v.

D. MCQUEEN, Douglas County Sheriff,

Defendant.

---

**RECOMMENDATION THAT THE CLAIMS AGAINST DEFENDANT
BE DISMISSED**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by Judge Philip A. Brimmer on February 10, 2011 (Docket No. 30).

This matter was commenced on August 18, 2010 (See Docket No. 3). On April 15, 2011, the court entered an Order to Show Cause (Docket No. 36) directing the pro se plaintiff to provide the court with a current address for defendant so defendant could be served on or before May 6, 2011. Shortly thereafter, plaintiff filed a motion for an extension of time to serve defendant (Docket No. 37). The court granted an extension up to and including July 6, 2011 (Docket No. 39). On May 23, 2011, plaintiff filed a notice of defendant's address (Docket No. 44). The court directed service on defendant at the address supplied by plaintiff (Docket No. 48). The summons was returned unexecuted on August 6, 2011 (Docket No. 49).

Accordingly, the court set a status conference for April 12, 2012. At the status

2

conference, the court continued the Show Cause Order to May 15, 2012. Counsel entered an appearance for plaintiff on May 9, 2012 (Docket No. 57). At the May 15, 2012 show cause hearing, counsel informed the court that defendant's whereabouts were still unknown. The court set a combined scheduling conference/show cause hearing for July 16, 2012. At the July 16, 2012 hearing, counsel informed the court that a motion to dismiss may be filed. In lieu of entering a recommendation to dismiss the case, the court gave counsel until July 20, 2012 to file to motion to dismiss or otherwise contact chambers for notification of intent to move forward with the case. Since the July 16, 2012 hearing, nothing has been filed in this case.

>Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

>If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

>In addition, Local Rule 41.1 provides:

>>A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against defendant D. McQueen should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: November 29, 2012             s/ Michael J. Watanabe
      Denver, Colorado              Michael J. Watanabe
                                    United States Magistrate Judge